Most of the questions presented in this case were disposed of by this court when this cause was on a former occasion before it.
As was well said in the opinion of the court then delivered, the rights of the parties are to be determined by the condition of the title of the Towanda Bank to the premises in question at the time when the attachment upon which the judgment in favor of the plaintiff was recorded was served. *Page 572 
By that decision it is settled and can not now be controverted, that by the sheriff's sale upon the execution in favor of the Towanda Bank and the failure to redeem from such sale, all the title and interest which Dennis had in the premises became vested in that bank: that such interest was subject to levy by virtue of the plaintiff's attachment: that the plaintiff by virtue of his proceedings, judgment execution, sale and deed given in pursuance of such sale, was authorized to demand the execution of a deed by the sheriff to the Towanda Bank, as evidence of the previous sale to such bank: that equity would have compelled the execution of a deed under such circumstances, and if the deed were given voluntarily, it was equally as effectual as though its execution had been compelled by a court of equity: that it is immaterial whether it was delivered to the Towanda Bank or not, and sufficient if delivered to or for the benefit of the party who had legally acquired the whole title of the bank to the premises embraced in the sheriff's certificate of sale: that upon the fact of the recovery of the two judgments, the sales under and by virtue of the same, the execution and delivery of the two deeds, as set forth in the case, with the additional facts that Dennis had title to the premises at the time of the recovery of the first judgment, and that the defendant was in possession at the time of the commencement of the action, the plaintiff was entitled to recover.
It is further settled that the deed from Dennis to Dana could convey nothing but his mere legal title subject to be divested by the subsequent execution and delivery of the sheriff's deed to the Towanda Bank, provided there is no essential difference in this respect between a quit claim deed and a deed with a covenant of warranty. I am unable to perceive that there is any essential difference in this respect between a quit claim deed and a deed with a covenant of warranty. Dennis by warranting the title could convey no greater or other title than he then possessed. The only difference there is between the two kinds of deeds so far as the title is affected, is that a subsequently acquired title by the grantor, enures to the benefit of the grantee in a warranty deed, but not in quit claim. *Page 573 
I shall therefore assume it as a matter decided by this court that the plaintiff is entitled to recover unless the assignment of the sheriff's certificate by the Towanda Bank to Dana, together with the deed from Dana and the bank to the defendant, constitute a bar to the plaintiff's right to recover.
By 1 R.S. 729, sec. 58, it is provided, that when an express trust shall be created for any purpose not enumerated in the preceding sections, no estate shall vest in the trustee; but the trust if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust.
Express trusts may be created for, 1, to sell lands for the benefit of creditors: 2, to sell, mortgage or lease lands for the benefit of legatees or for the purpose of satisfying any charge thereon: 3, to receive the rents and profits of lands and apply them to the use of any person during the life of such person, or for any shorter term: 4, to receive the rents and profits of lands and accumulate the same.
The trust in this case as recited in the tripartite deed from Dana and the Towanda Bank to the defendant, was expressed as follows, viz: "as the trustee and for the use of the party of the second part." Dana was party of the first part, and the Bank was party of the second part in that deed. The deed contains then a full admission that Dana had no interest in the land, but that the same had been conveyed to and the title thereof vested in him as the trustee of and for the use of the bank.
The special verdict finds that Dana took the title for the purpose of selling and conveying it for the benefit of the Towanda Bank and while he held the title it was held solely for the benefit of the Towanda Bank and subject to its control.
It is true that the assignment from the bank to Dana, is on its face an absolute assignment and conveyance, without containing an express declaration of trust; and had there been nothing else for this court to pass upon in deciding this question, it might have determined that such assignment and conveyance was within the purview of sections 51 and 52 of the statute *Page 574 
above cited, and that therefore the title of Dana was valid as against the bank, and against all persons except creditors of the bank at the time of such conveyance and assignment. But we are to pass upon the fact disclosed by the tripartite deed, and the facts found by the special verdict. With those facts before us, we can draw no other conclusion than that the trust was an express trust, which might have been contained in some other instrument executed at the same time, and which formed part of the same transaction. "If several instruments are executed at the same time between the same parties and relative to the same matter, they are to be construed as though they were all but one instrument; Snow v. Tifft, 15 J.R. 458; Union Bank v.Coster, 3 Com. 203; Codington v. Davis, 1 Coms. 186).
The assignment to Dana was an express trust, and was not such a trust as was authorized by the revised statutes. No title therefore vested in Dana, but the whole title and interest remained in the bank. The only effect the assignment to Dana could have, was as an authority to him to execute it as a power; and had he done so before the plaintiff's lien attached, it would have divested the bank of any title, and the title to the premises in question would have vested in Dana's grantee. But Dana never executed the power until the execution and delivery of the tripartite deed to the defendant. Previous to that time the plaintiff's lien attached upon the property, as the property of the bank, and hence the defendant never acquired any title to the premises in question.
Having arrived at this view of the character and effect of the assignment to Dana, it is unnecessary to decide whether the deed from Dennis to Dana, was inoperative for the reason that it was not given directly to the bank, or whether the deed to the plaintiff has a preference over the assignment to Dana, or over the deed from Dennis to Dana, for the reason that they were not recorded.
It is insisted, and was held by the supreme court that the court never acquired jurisdiction in the suit commenced by the plaintiff against the Towanda Bank by attachment, for the *Page 575 
reason that no copy of the attachment was served on Dana, the trustee, in pursuance of the provisions of the second section of the act to amend the law in relation to suits against foreign corporations (1 Laws of 1842, page 227). That section provides that the execution of the attachment upon such rights or shares, or trust property, funds, deposits, moneys or credits, shall be made by leaving a true and attested copy of the writ by the officer serving the same, with his proper endorsement thereon with the cashier of such bank, or with the secretary or clerk of such insurance company, or other company or corporation or with such individual holding such trust property, funds, deposits, money or credits.
By the first section of that act all trust property, real and personal was declared to be liable to be attached in actions at law, and subject to sale or execution, to satisfy any judgment obtained in the suit. The third section makes it the duty of the officer or other person holding such trust property, on application to furnish a description of the amount and nature of the trust property so holden for such foreign corporation.
I think the second section of the act referred to is not applicable to a case like this. That statute was intended to apply to cases where the trust property is held by legal and valid trusts, and to subject such property to levy and sale to satisfy judgments in actions at law.
Where however the trust is absolutely void, and no estate or interest vests in the trustee, the case is not within either the letter or spirit of the statute. How could the plaintiff in this case have compelled a compliance with the third section of the act? Dana had not given notice of his trusteeship by recording the assignment from the bank, and deed from Dennis, and his declaration or other instrument embracing the existence of the trust, and thereby enabled the plaintiff to have applied to him to furnish a description of the amount and nature of the trust property. The conveyances held by him being absolutely void except as a power, the legal and equitable title remained in the bank and never vested in Dana. The plaintiff seized the land by virtue of his attachment as the property of the *Page 576 
bank, and not as trust property in the hands of Dana. He holds the land not as trust property but in hostility, to the trust, for the reason that the attempt to create a trust had failed, and no estate or interest had passed to the trustee, but the entire interest and control over the property remained in the bank, subject only to the execution of the power by the trustee.
This disposes of all the questions necessary to the decision of this case, and the conclusion at which I have arrived is that the supreme court erred in rendering judgment upon the special verdict for the defendant.
The judgment must therefore be reversed, and judgment rendered upon the special verdict for the plaintiff.
Judgment reversed and judgment for the plaintiff ordered.